IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX FODAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 15 C 10205 |
| | ) |
| AIR CHECK, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for class certification. For the reasons stated below, the motion for class certification is denied.

**BACKGROUND**

Plaintiffs allegedly worked for Defendant Air Check, Inc. (ACI) as airport workers at O'Hare International Airport. Plaintiffs contend that they were required to perform work after punching-in before their scheduled shifts. Plaintiffs were also allegedly required to perform work after the end of their scheduled shifts but before punching-out. Plaintiffs were also allegedly required to perform work without pay during breaks and during meal breaks. ACI allegedly had a policy under which actual punch times were adjusted to conform with even hours and/or scheduled shift

1

times. As a result, Plaintiffs were allegedly not paid for every second of actual work and were potentially deprived of some overtime owed to them. Plaintiffs include in their complaint claims alleging the failure to pay overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (Count I), claims alleging violations of the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.* (Counts II), and claims alleging violations of the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 *et seq.* (Count III). Plaintiffs now move to certify a class for their IMWL and IWPCA claims pursuant to Federal Rule of Civil Procedure 23 (Rule 23).

## LEGAL STANDARD

Rule 23 provides the following:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.
(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
(1) prosecuting separate actions by or against individual class members would create a risk of:
(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties

> to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23. A court should certify a class under Rule 23 "if the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and any one of the conditions of Rule 23(b)." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). A class action certified under Rule 23 "is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only'" and "[t]o come within the exception, a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013)(quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979) and *Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551-52

(2011)); *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011)(stating that "[c]ertification as a class action can coerce a defendant into settling on highly disadvantageous terms regardless of the merits of the suit," and thus a class can be certified by a court only if the court is convinced "*after a rigorous analysis*, that the prerequisites of Rule 23(a) have been satisfied") (emphasis in original)(internal quotations omitted); *Payton v. County of Kane*, 308 F.3d 673, 677 (7th Cir. 2002)(stating that "a determination of the propriety of class certification should not turn on likelihood of success on the merits"); *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998)(stating that "[t]he Federal Rules of Civil Procedure provide the federal district courts with broad discretion to determine whether certification of a class-action lawsuit is appropriate").

## DISCUSSION

Plaintiffs seek to certify the following class:

> All individuals who were or are currently employed by the Defendants, their subsidiaries, affiliates, predecessors and/or successors, as airport workers or other similarly titled positions at any time during the relevant statute of limitations whose actual punch-in and punch-out times were rounded to their detriment.

(Mem. Cert. 14). Plaintiffs argue that they can meet the requirements under Rule 23(a) and can show under Rule 23(b)(3) that the questions of law or fact common to proposed class members predominate over any questions affecting only individual

4

members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. (Mem. Cert. 12).

### A. Rule 23(a) Requirements

Plaintiffs argue that they can meet the numerosity, commonality, typicality, and adequacy of representation requirements under Rule 23(a). Defendants argue that Plaintiffs cannot show commonality or typicality. (Resp. 10). Plaintiffs contend that there are questions of law or fact common to the proposed class. As long as there is at least "a single common question" among class members, the commonality requirement is satisfied. *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 755 (7th Cir. 2014)(quoting *Wal–Mart*, 131 S.Ct. at 2556). However, the commonality requirement "demands more than a showing that the class members 'have all suffered a violation of the same provision of law' at the hands of the same defendant." *Id.* The plaintiff must show that "the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members. . . ." *Id.* at 756 (stating that "[t]he critical point is the need for conduct common to members" and that "[w]here the defendant's allegedly injurious conduct differs from plaintiff to plaintiff, . . . no common answers are likely to be found"); *see also In re IKO Roofing Shingle Products Liability Litigation*, 757 F.3d 599, 602 (7th Cir. 2014)(explaining that "*Wal–Mart* has nothing to do with commonality of damages" and that "[i]t dealt instead with the need for *conduct* common to members of the class, and it concerned Rule 23(a)(2) rather than Rule 23(b)(3)")(emphasis in

5

original).

In the instant action, Plaintiffs argue that each member of the proposed class was employed by Defendants under the same policy, which involved rounding of hours and failure to pay for time worked outside scheduled times. Plaintiffs argue that Defendants universally paid the workers on the basis of scheduled hours instead of the actual time worked. While in the abstract Plaintiffs appear to combine common claims under a common policy, a close scrutiny of the record shows otherwise. As Defendants correctly point out, Plaintiffs seek to combine the claims of employees that work in very different jobs and who were subjected to different policies. One group of workers includes lav services workers, which involves driving vehicles to empty and clean waste from aircrafts and care of such vehicles. Defendants have shown that such employees are provided with specialized training to ensure the safe removal of waste from aircrafts. The other group of employees are ramp services workers who are responsible for clearing the bridge that connects the gate to the aircraft, checking for foreign objects on the tarmac, changing garbage cans, pulling weeds, and cutting grass. Defendants have shown that the lav services workers and ramp services workers have different supervisors, different supervisory command structures, different tasks performed before shifts and after shifts, and different break times and meal periods. Even among the ramp workers there are differences in the tasks by those working in hangers and those not working in hangers. Evaluating the alleged work that Plaintiffs claim was performed without pay for each group would require an inquiry into a diverse set of facts that would not

6

be consistent with the commonality requirement in Rule 23(a). While Plaintiffs make vague references to a policy of paying according to scheduled time, the evidence presented by Plaintiffs falls short of indicating any such common or similar policy among the different types of works and different locations at the airport and different groups of supervisors that would satisfy the commonality requirement. Even within the groups of workers that Plaintiffs seek to draw into this case, there are a myriad of alleged types of work that would be at issue in this case. The fact that all putative Plaintiffs were allegedly employees of ACI, and performed some type of work without pay is not sufficient to satisfy the commonality requirement. Plaintiffs have thus failed to show that the commonality requirement is met and Plaintiffs have thus failed to satisfy Rule 23(a).

### C. Rule 23(b)(3) Requirements

Plaintiffs argue in regard to the Rule 23(b) requirements that the questions of law or fact common to proposed class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Seventh Circuit has explained that "[p]redominance is a qualitative rather than a quantitative concept." *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014)(stating that "[i]t is not determined simply by counting noses: that is, determining whether there are more common issues or more individual issues, regardless of relative importance" and that "the Supreme Court said that the

7

requirement of predominance is not satisfied if 'individual questions . . . overwhelm questions common to the class'")(quoting *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 133 S.Ct. 1184, 1196 (2013) and *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)).  In assessing the predominance requirement, a court must consider "the efficiency of a class action as an alternative to individual suits" and "[i]f resolving a common issue will not greatly simplify the litigation to judgment or settlement of claims of hundred or thousands of claimants, the complications, the unwieldiness, the delay, and the danger that class treatment would expose the defendant or defendants to settlement-forcing risk are not costs worth incurring." *Id.*  In order to satisfy the predominance requirement a plaintiff must offer more than a "[m]ere assertion . . . that common issues predominate." *Id.*; *see also Messner v. Northshore University Health System*, 669 F.3d 802, 815 (7th Cir. 2012)(stating that "[a]nalysis of predominance under Rule 23(b)(3) 'begins, of course, with the elements of the underlying cause of action'")(quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S.Ct. 2179, 2184 (2011)).

  In the instant action, Plaintiffs attempt to patch together workers in entirely different positions with different supervisory structures and different work requirements, work rules, work locations, and schedules.  Plaintiffs also seek to draw into this case an array of varying alleged misconduct on the part of Defendants.  Work was allegedly performed without pay before, during, and/or after shifts, and during different shifts.  There was a variety of alleged tasks performed without pay.  For example, the alleged tasks, "includ[ed] but [were] not limited to" work such as

"donning safety equipment, collecting supplies, preparing equipment and vehicles and meeting with supervisors . . ." and time spent cleaning and returning equipment (Compl. Par. 63, 66). When faced with a proposed class of such diverse proportions, the trier of fact would need to first evaluate which category of employee the class member falls within. The trier of fact then would need to assess if the class member was required to work without pay during one, or more of the time-periods at issue in this case, which include, pre-shift time, break time, meal time, and post-shift time. The putative class members also work during different shifts, which would need to be taken into consideration by the trier of fact in assessing each member's claims. The trier of fact would also need to engage in an individualized inquiry as to the type of work performed without pay and under what type of supervisory command structure that employee was working. While subclasses can be appropriate in certain instances to address such divisions among class members' claims, this case presents a host of diverse claims that could not be effectively addressed by subclasses.

     Plaintiffs' class definition is vague and overly broad. Plaintiffs attempt to pull together a host of individual issues under the umbrella of class members whose time worked was "rounded to their detriment." (Mem. Cert. 14). While it is conceivable that among the array of categories of workers and alleged misconduct presented in this case, there might potentially lurk an appropriate class, Plaintiffs have overstepped Rule 23 in the instant motion. Plaintiffs argue that the putative class members' claims "are identical," because "[t]hey were not paid for all the work they

performed." (Reply 1). Under such a view of the class action mechanism, a class could be certified to encompass virtually all violations of FLSA, IMWL, and IWPCA by an employer. While it might be advantageous for Plaintiffs to use the class mechanism to obtain a one-stop clearing house for all overtime claims that could be brought against an employer within the limitations period, such an approach is not consistent with the goals of Rule 23. *See McCaster v. Darden Restaurants, Inc.*, 845 F.3d 794, 800 (7th Cir. 2017)(stating that "it's not enough for the plaintiffs to show that class members 'have all suffered a violation of the same provision of law'" and that "[i]nstead they must show that "the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members")(internal quotations omitted). Plaintiffs' inclusion in the class definition of a vague policy of payroll calculations does not bring this case within the ambit of Rule 23.

The requirement of individualized inquiry for damages would not necessarily preclude certification in a case. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017). However, in this case, the diverse facts entwined in the proposed class are beyond mere damage calculations. Although certain common issues might be resolved in a class action, the parties and the court would expend significant time and resources analyzing the individual claims of the proposed class members. Proceeding as a class action in this cause would not simplify the litigation and Plaintiffs have not shown that the predominance requirement is met in this case. A jury would likely be confused by the myriad of permutations needed to be employed to divide up the class members and there would need to be such an

individualized inquiry in this case that all efficiency that might be gained by the use of the class mechanism would be lost. Individual inquiries would predominate in this case if a class were certified. Plaintiffs have failed to meet their burden to show that their proposed class is capable of effective resolution in this matter. *McCaster*, 845 F.3d at 800 (stating that "the class members' claims must depend on a common contention that is 'capable of classwide resolution'")(quoting *Wal–Mart Stores, Inc.*, 564 U.S. at 350). Since Plaintiffs have failed to show that any of the factors in Rule 23(a) are met and Plaintiffs have failed to show that any alternative in Rule 23(b) is met, Plaintiffs' motion for class certification is denied.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion for class certification is denied.

                                                                             _____
                                                                             Samuel Der-Yeghiayan
                                                                             United States District Court Judge

Dated: June 21, 2017