EXHIBIT A

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT ("Settlement Agreement" or "Agreement") is made as of the _____ day of September, 2018, which is the date on which all parties have executed this Settlement Agreement (the "Effective Date"), by and among ALEX FODAY ("Foday"), FREDDIE BERRIOS ("Berrios"), ALBERTO TORRES ("Torres"), LARRY FRISBY ("Frisby"), AIR CHECK, INC., and its parents, subsidiaries and related companies (hereinafter referred to collectively as "Air Check, Inc."), TERESA KAMINSKA ("Kaminska"), ROMAN CHMIEL ("Chmiel"), and MARK RATHKE ("Rathke"). Foday, Berrios, Torres, Frisby, Air Check, Inc., Kaminska and Rathke are collectively referred to as the "Parties" and each of them may be referred to herein as a "Party."

## RECITALS

WHEREAS, on or about October 27, 2015, Foday, Berrios, Torres and Frisby filed a Complaint in the United States District Court for the Northern District of Illinois, Case No. 15-cv-9587, on behalf of a class and collective of all others similarly situated, against Air Check, Inc. and Air Check, Inc.'s employees and agents, Kaminska, Chmiel and Rathke, asserting claims for alleged unpaid wages and overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the Illinois Minimum Wage Law, 820 ILCS 105/1 et. seq. (hereinafter "the Complaint");

WHEREAS, on June 21, 2017, the Court denied Class Certification of a class of hourly employees who worked for Air Check, Inc. at O'Hare International Airport;

WHEREAS Air Check, Inc., Kaminska, Chmiel and Rathke have denied and continue to deny the claims and allegations contained in the Complaint; and

WHEREAS, the Parties have agreed to the terms on which they desire to settle any and all claims Foday, Berrios, Torres and Frisby have or may have against Air Check, Inc. and its agents and employees, including Kaminska, Chmiel and Rathke, arising out of any matter or event occurring at any time prior to the Effective Date of this Settlement Agreement, including, but not limited to any claims that were asserted, or could have been asserted, in connection with the Complaint;

NOW, THEREFORE, in consideration of the mutual release as set forth herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Payment.** In exchange for the release and promises made by Foday, Berrios, Torres and Frisby herein, Air Check, Inc., Kaminska, Chmiel and Rathke agree that within three business days after the U.S. District Court enters an Order approving the settlement terms, Air Check, Inc. shall deliver certified or cashier's checks or shall wire the settlement payment totaling $51,900 ("the Settlement Payment"), to Plaintiffs' counsel, Glen Dunn and Jeffrey Brown, 221 N. LaSalle St., Suite 1414, Chicago, Illinois 60601, as follows:

   a. One payment payable to "Alex Foday" in the gross amount of $6,000.00 for his alleged unpaid wages and overtime, less all applicable taxes, withholdings and deductions (which shall be reflected on an itemized statement to be provided in the same manner as normal employee payroll deductions), which amount will be reported to Foday on IRS Form W-2;

   b. A second payment payable to "Alex Foday" in the amount of $6,000.00 for his alleged liquidated damages and statutory penalties, which amount will be reported on IRS Form 1099 to Foday;

c.  A third payment payable to "Freddie Berrios" in the gross amount of $2,300.00 for his alleged unpaid wages and overtime, less all applicable taxes, withholdings and deductions (which shall be reflected on an itemized statement to be provided in the same manner as normal employee payroll deductions), which amount will be reported to Berrios on IRS Form W-2;

d.  A fourth payment payable to "Freddie Berrios" in the amount of $2,300.00 for his alleged liquidated damages and statutory penalties, which amount will be reported on IRS Form 1099 to Berrios; and

e.  A fifth payment payable to "Alberto Torres" in the gross amount of $3,000.00 for his alleged unpaid wages and overtime, less all applicable taxes, withholdings and deductions (which shall be reflected on an itemized statement to be provided in the same manner as normal employee payroll deductions), which amount will be reported to Torres on IRS Form W-2;

f.  A sixth payment payable to "Alberto Torres" in the amount of $3,000.00 for his alleged liquidated damages and statutory penalties, which amount will be reported on IRS Form 1099 to Torres; and

g.  A seventh payment payable to "Larry Frisby" in the gross amount of $2,150.00 for his alleged unpaid wages and overtime, less all applicable taxes, withholdings and deductions (which shall be reflected on an itemized statement to be provided in the same manner as normal employee payroll deductions), which amount will be reported to Frisby on IRS Form W-2;

- 3 -

h. An eighth payment payable to "Larry Frisby" in the amount of $2,150.00 for his alleged liquidated damages and statutory penalties, which amount will be reported on IRS Form 1099 to Frisby; and

i. A ninth and final check payable to "Glen J. Dunn & Associates, Ltd." in the amount of $25,000.00 in compensation for attorneys' fees and costs, which amount will be reported on IRS Form 1099 to Glen J. Dunn & Associates, Ltd.

2. **Taxes.** Within seven (7) days after the Effective Date, Foday, Berrios, Torres, Frisby and Glen J. Dunn & Associates, Ltd. will provide counsel for Air Check, Inc. with completed IRS forms W-4 and W-9, respectively. Foday, Berrios, Torres and Frisby acknowledge and agree that they each will be solely responsible for any taxes imposed as a result of entering into this Settlement Agreement and any payments referenced in Paragraph 1, above, other than all applicable taxes, withholdings and deductions made from the payments described in Paragraph 1, above and other than the normal employer-side payroll taxes to be paid by Defendants.

3. **Attorneys' Fees and Costs.** Except as described in Paragraph 1 above, each Party shall bear her, his and its own attorneys' fees and costs in the Complaint and in connection with the negotiation and execution of this Settlement Agreement.

4. **Release and Covenant Not to Sue by Foday.** Foday, on behalf of himself and his assignees, agents, attorneys, representatives, heirs, executors and administrators, hereby waives, and fully releases Air Check, Inc., and any parent, subsidiary, related, and affiliated companies, its predecessors and successors, and its past and present employees, including Kamiska, Chmiel, and Rathke, and its officers, directors, general and limited partners, trustees, agents, representatives, stockholders, owners, and attorneys, and Kaminska, Chmiel, and Rathke

- 4 -

individually (collectively, the "Releasees"), from any and all liability, claims, demands, charges, and causes asserted in the Complaint on behalf of Foday, and all suits, grievances, debts, sums of money, controversies, agreements, promises, damages, back and front pay, costs, expenses, attorneys' fees, and remedies of any type that Foday now has or may have had or have hereafter from the beginning of time through the Effective Date of this Settlement Agreement.

The claims Foday is releasing include, without limiting the generality of the foregoing, all claims, demands, or causes of action which were or could have been asserted by Foday in the Complaint; all claims arising under any written or oral agreement between Foday and Air Check, Inc., or any of the Releasees pertaining to his employment with Air Check, Inc.; all claims for unpaid wages or overtime, all claims for discrimination, harassment, retaliation, wrongful discharge, breach of contract, breach of a covenant of good faith and fair dealing, infliction of emotional distress, negligent hiring or retention, defamation, and false light; all claims pertaining to his employment; all claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the Illinois Minimum Wage Law, 820 ILCS 105/1 et. seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et. seq., and all claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Civil Rights Act of 1868 (42 U.S.C. §§ 1981 and 1983), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and any other federal, state, or local statute or regulation regarding employment, discrimination in employment, retaliatory discharge, or the termination of employment; and any claims arising under the common law of the State of Illinois or any other state, which relate to or arise out of her employment or the termination of her employment, except for claims which cannot be legally released.

Foday represents that as of the date of this Settlement Agreement, other than the Complaint, he has not filed any complaint, claims or charges, and has not joined, opted-in or become a member of any class asserting claims against Air Check, Inc., Kaminska, Chmiel or Rathke, or their Releasees relating to or arising from her employment with Air Check, Inc., or the termination of the employment, that he will not do so based on any claim, either known or unknown, from the beginning of time through the date of the Agreement, and that if any such claim has been filed by him or on his behalf, he will take all necessary steps to obtain the withdrawal or dismissal of such claims, opt-out of any class asserting such claims, charges or complaints, with prejudice.

In the event Foday declines to accept the terms of this Agreement, or having accepted them, effectively revokes the acceptance thereof, this Agreement shall have no force and effect, and neither its terms, nor any of the discussions of the parties relative to its negotiation shall be admissible in any court, agency, or arbitration proceeding.

5. **Release and Covenant Not to Sue by Berrios.** Berrios, on behalf of himself and his assignees, agents, attorneys, representatives, heirs, executors and administrators, hereby waives, and fully releases Air Check, Inc., and any parent, subsidiary, related, and affiliated companies, its predecessors and successors, and its past and present employees, including Kamiska, Chmiel, and Rathke, and its officers, directors, general and limited partners, trustees, agents, representatives, stockholders, owners, and attorneys, and Kaminska, Chmiel, and Rathke individually (collectively, the "Releasees"), from any and all liability, claims, demands, charges, and causes asserted in the Complaint on behalf of Berrios, and all suits, grievances, debts, sums of money, controversies, agreements, promises, damages, back and front pay, costs, expenses,

attorneys' fees, and remedies of any type that Berrios now has or may have had or have hereafter from the beginning of time through the Effective Date of this Settlement Agreement.

The claims Berrios is releasing include, without limiting the generality of the foregoing, all claims, demands, or causes of action which were or could have been asserted by Berrios in the Complaint; all claims arising under any written or oral agreement between Berrios and Air Check, Inc., or any of the Releasees pertaining to his employment with Air Check, Inc.; all claims for unpaid wages or overtime, all claims for discrimination, harassment, retaliation, wrongful discharge, breach of contract, breach of a covenant of good faith and fair dealing, infliction of emotional distress, negligent hiring or retention, defamation, and false light; all claims pertaining to his employment; all claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the Illinois Minimum Wage Law, 820 ILCS 105/1 et. seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et. seq., and all claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Civil Rights Act of 1868 (42 U.S.C. §§ 1981 and 1983), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and any other federal, state, or local statute or regulation regarding employment, discrimination in employment, retaliatory discharge, or the termination of employment; and any claims arising under the common law of the State of Illinois or any other state, which relate to or arise out of her employment or the termination of her employment, except for claims which cannot be legally released.

Berrios represents that as of the date of this Settlement Agreement, other than the Complaint, he has not filed any complaint, claims or charges, and has not joined, opted-in or become a member of any class asserting claims against Air Check, Inc., Kaminska, Chmiel or

- 7 -

Rathke, or their Releasees relating to or arising from her employment with Air Check, Inc., or the termination of the employment, that he will not do so based on any claim, either known or unknown, from the beginning of time through the date of the Agreement, and that if any such claim has been filed by him or on his behalf, he will take all necessary steps to obtain the withdrawal or dismissal of such claims, opt-out of any class asserting such claims, charges or complaints, with prejudice.

In the event Berrios declines to accept the terms of this Agreement, or having accepted them, effectively revokes the acceptance thereof, this Agreement shall have no force and effect, and neither its terms, nor any of the discussions of the parties relative to its negotiation shall be admissible in any court, agency, or arbitration proceeding.

6. **Release and Covenant Not to Sue by Torres.** Torres, on behalf of himself and his assignees, agents, attorneys, representatives, heirs, executors and administrators, hereby waives, and fully releases Air Check, Inc., and any parent, subsidiary, related, and affiliated companies, its predecessors and successors, and its past and present employees, including Kamiska, Chmiel and Rathke, and its officers, directors, general and limited partners, trustees, agents, representatives, stockholders, owners, and attorneys, and Kaminska, Chmiel and Rathke individually (collectively, the "Releasees"), from any and all liability, claims, demands, charges, and causes asserted in the Complaint on behalf of Torres, and all suits, grievances, debts, sums of money, controversies, agreements, promises, damages, back and front pay, costs, expenses, attorneys' fees, and remedies of any type that Torres now has or may have had or have hereafter from the beginning of time through the Effective Date of this Settlement Agreement.

The claims Torres is releasing include, without limiting the generality of the foregoing, all claims, demands, or causes of action which were or could have been asserted by Torres in the

Complaint; all claims arising under any written or oral agreement between Torres and Air Check, Inc., or any of the Releasees pertaining to his employment with Air Check, Inc.; all claims for unpaid wages or overtime, all claims for discrimination, harassment, retaliation, wrongful discharge, breach of contract, breach of a covenant of good faith and fair dealing, infliction of emotional distress, negligent hiring or retention, defamation, and false light; all claims pertaining to his employment; all claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the Illinois Minimum Wage Law, 820 ILCS 105/1 et. seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et. seq., and all claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Civil Rights Act of 1868 (42 U.S.C. §§ 1981 and 1983), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and any other federal, state, or local statute or regulation regarding employment, discrimination in employment, retaliatory discharge, or the termination of employment; and any claims arising under the common law of the State of Illinois or any other state, which relate to or arise out of her employment or the termination of her employment, except for claims which cannot be legally released.

Torres represents that as of the date of this Settlement Agreement, other than the Complaint, he has not filed any complaint, claims or charges, and has not joined, opted-in or become a member of any class asserting claims against Air Check, Inc., Kaminska, Chmiel or Rathke, or their Releasees relating to or arising from her employment with Air Check, Inc., or the termination of the employment, that he will not do so based on any claim, either known or unknown, from the beginning of time through the date of the Agreement, and that if any such claim has been filed by him or on his behalf, he will take all necessary steps to obtain the

- 9 -

withdrawal or dismissal of such claims, opt-out of any class asserting such claims, charges or complaints, with prejudice.

In the event Torres declines to accept the terms of this Agreement, or having accepted them, effectively revokes the acceptance thereof, this Agreement shall have no force and effect, and neither its terms, nor any of the discussions of the parties relative to its negotiation shall be admissible in any court, agency, or arbitration proceeding.

7. **Release and Covenant Not to Sue by Frisby.** Frisby, on behalf of himself and his assignees, agents, attorneys, representatives, heirs, executors and administrators, hereby waives, and fully releases Air Check, Inc., and any parent, subsidiary, related, and affiliated companies, its predecessors and successors, and its past and present employees, including Kamiska, Chmiel, and Rathke, and its officers, directors, general and limited partners, trustees, agents, representatives, stockholders, owners, and attorneys, and Kaminska, Chmiel, and Rathke individually (collectively, the "Releasees"), from any and all liability, claims, demands, charges, and causes asserted in the Complaint on behalf of Frisby, and all suits, grievances, debts, sums of money, controversies, agreements, promises, damages, back and front pay, costs, expenses, attorneys' fees, and remedies of any type that Frisby now has or may have had or have hereafter from the beginning of time through the Effective Date of this Settlement Agreement.

The claims Frisby is releasing include, without limiting the generality of the foregoing, all claims, demands, or causes of action which were or could have been asserted by Frisby in the Complaint; all claims arising under any written or oral agreement between Frisby and Air Check, Inc., or any of the Releasees pertaining to his employment with Air Check, Inc.; all claims for unpaid wages or overtime, all claims for discrimination, harassment, retaliation, wrongful discharge, breach of contract, breach of a covenant of good faith and fair dealing, infliction of

emotional distress, negligent hiring or retention, defamation, and false light; all claims pertaining to his employment; all claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the Illinois Minimum Wage Law, 820 ILCS 105/1 et. seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et. seq., and all claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Civil Rights Act of 1868 (42 U.S.C. §§ 1981 and 1983), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and any other federal, state, or local statute or regulation regarding employment, discrimination in employment, retaliatory discharge, or the termination of employment; and any claims arising under the common law of the State of Illinois or any other state, which relate to or arise out of her employment or the termination of her employment, except for claims which cannot be legally released.

Frisby represents that as of the date of this Settlement Agreement, other than the Complaint, he has not filed any complaint, claims or charges, and has not joined, opted-in or become a member of any class asserting claims against Air Check, Inc., Kaminska, Chmiel or Rathke, or their Releasees relating to or arising from her employment with Air Check, Inc., or the termination of the employment, that he will not do so based on any claim, either known or unknown, from the beginning of time through the date of the Agreement, and that if any such claim has been filed by him or on his behalf, he will take all necessary steps to obtain the withdrawal or dismissal of such claims, opt-out of any class asserting such claims, charges or complaints, with prejudice.

In the event Frisby declines to accept the terms of this Agreement, or having accepted them, effectively revokes the acceptance thereof, this Agreement shall have no force and effect,

and neither its terms, nor any of the discussions of the parties relative to its negotiation shall be admissible in any court, agency, or arbitration proceeding.

**Waiver and Stipulation of Dismissal of Claims**.  Within seven (7) days of full execution of this Settlement Agreement, Foday, Berrios, Torres and Frisby, through their counsel, shall submit papers to the U.S. District Court, in a form mutually agreeable to the Parties, seeking approval of the settlement terms and seeking to voluntarily dismiss the Complaint with prejudice pursuant to settlement, subject to reinstatement solely to enforce the terms of this Agreement.  Within three business days of the Court entering an Order approving of the settlement terms and granting the Stipulation of dismissal, Air Check, Inc. will submit the Settlement Payment set forth in paragraph 2 of this Agreement.

Under the terms set forth herein, Foday, Berrios, Torres and Frisby agree to waive the right to proceed with their Complaint and any and all claims that were asserted in the Complaint, and waive any and all rights to institute a lawsuit under the Fair Labor Standards Act, and the Illinois Minimum Wage Law, and to proceed on any claim or appeal against Air Check, Inc., Kaminska, Chmiel, Rathke and the Releasees asserting unpaid wages, unpaid overtime, age discrimination, harassment, employment discrimination and/or retaliation before any other agency, court, commission or institution. Foday, Berrios, Torres and Frisby waive any right to receive any monetary damages, counsel fees or other legal or equitable relief, awarded by any Court, governmental agency, commission or tribunal related to any such claim, charge or complaint.

8.      **Claims Not Released.**  Nothing in this Agreement precludes Foday, Berrios, Torres and Frisby from filing a subsequent administrative charge within the jurisdiction of the National Labor Relations Board ("NLRB"), from participating in a proceeding before the Equal

- 12 -

Employment Opportunity Commission ("EEOC"), or from communicating with any federal, state or local government office, official, or agency. Foday, Berrios, Torres and Frisby promise never to seek or accept any damages, remedies, or other relief for themselves personally (any right to which each of them hereby waive and promise never to accept) with respect to any claim included in this Paragraph, in any proceeding, including but not limited to, any EEOC proceeding.

9. **No Admission of Liability.** The existence, execution, or terms of this Settlement Agreement do not constitute, shall not be considered or construed as, and shall not be admissible in any proceedings as, an admission by Air Check, Inc., Kaminska, Chmiel, Rathke, or any of the Releasees, of any liability, violation, error or omission.

10. **Confidentiality.** Foday, Berrios, Torres, Frisby, Air Check, Inc., Kaminska, Chmiel, Rathke, and their respective counsel each understand and agree that this settlement is strictly confidential. This provision includes that the facts, terms, conditions and substance set forth in this Settlement Agreement are strictly confidential. The Parties agree not to make any negative, disparaging and false statements or to otherwise defame disclose the negotiations, facts, terms, conditions and substance of the Settlement Agreement to any third party unless ordered to do so by a court of competent jurisdiction or as otherwise required by law, provided, however, that a Party may disclose the existence and terms of this Settlement Agreement to his, her, or its spouse, attorney(s), and tax or financial advisors, provided said individuals agree to be bound by this Confidentiality provision. If any Party or their counsel is asked about the litigation, the resolution of the litigation, any settlement, or the terms of this Settlement Agreement, she will only state that "the matter has ended" or "the matter has been resolved", except to persons authorized to know the terms hereof. If a Party states or communicates anything else besides

- 13 -

"the matter has ended" or "the matter has been resolved", or otherwise discloses the terms of this Settlement Agreement or that a Settlement Agreement exists, the Party will have materially breached this Agreement. The Parties agree that such a person's violation of this confidentiality requirement will be treated as a material violation of this Settlement Agreement by the associated Party.

If Foday, Berrios, Torres or Frisby receive a subpoena that may require disclosure of this Settlement Agreement, she shall, within five (5) business days of receipt of such subpoena or notice, provide a copy of such subpoena to counsel for Air Check, Inc., Francisco Connell, Chuhak & Tecson, P.C. 30 S. Wacker Dr., Suite 2600, Chicago, Illinois 60606. Foday, Berrios, Torres and Frisby also agree not to testify or provide any information about the terms of this Settlement Agreement in any context if Air Check, Inc. has informed Foday, Berrios, Torres and Frisby of its intent to contest the validity or enforceability of any request, subpoena or court order until such time as Air Check, Inc. has informed in writing that it consents to the testimony or a Court has ordered that Foday, Berrios, Torres and Frisby so testify or provide such information.

11. **Non-Disparagement**. Foday, Berrios, Torres, Frisby, and their counsel each agree not to make any negative, disparaging and false statements or to otherwise defame Air Check, Inc., Kaminska, Rathke, or Releasees' officers, management, current or former employees, practices, policies, or reputation in any form, including but not limiting to: orally, in writing, to any media outlet, television station or program, radio station or program, newspaper, magazine, website, editor, reporter, interviewer, author, columnist, blogger, writer, or current or former employees of Air Check.

4841-3049-6370.1.25802.59270

12.     **No Re-Application**.  Air Check, Inc. and Foday, Berrios, Torres and Frisby each agree that each will not knowingly apply for employment with or otherwise seek to be hired, rehired, employed, re-employed, assigned or reinstated as an employee or independent contractor by Air Check, Inc. and will waive any reinstatement or employment with Air Check, Inc..

13.     **Voluntary Consent.**  The Parties hereto acknowledge and warrant that they have carefully read this Settlement Agreement, have been advised to consult with an attorney and/or accountant before signing this Settlement Agreement, and to the extent they wished, have consulted with their respective attorneys and/or accountants, fully understand its terms and import, voluntarily consent to it as full and complete settlement, and that they are duly authorized to execute the Settlement Agreement and be bound by its provisions.

14.     **Binding Authority and Benefit**.  This Agreement shall be binding upon and shall be for the benefit of the Parties, as well as their respective heirs, representatives, successors and assigns.

15.     **Construction of Agreement**.  The Parties agree that all of them have drafted the Agreement and that there shall be no presumption that one Party drafted the Agreement for purposes of construing it.  Section headings in this Agreement are included for convenience of reference only and shall not affect the construction of this Agreement.  The parties agree that this Agreement and every term and provision contained herein, shall be governed by and interpreted under the substantive laws of the State of Illinois.

16.     **Severability.**  If at any time after the Effective Date of this Agreement, any provision of this Agreement shall be held illegal, void, or unenforceable, the illegality or

- 15 -

unenforceability of the provision shall have no effect upon, and shall not impair the validity or enforceability of, any other provision.

17.     **Merger.**     This instrument constitutes and contains the entire agreement and understanding between the Parties concerning the subject matter of this Agreement, and supersedes all prior negotiations, proposed agreements and understandings, if any, between the Parties.  This Agreement may be modified only by a writing signed by all the Parties.

18.     **Waiver.**     No waiver of the breach of any of the terms or provisions of this Agreement shall be a waiver of any preceding or succeeding breach of this Agreement or any provisions of it.

19.     **Counterparts and Electronic Signatures.**     This Agreement may be executed in one or more counterparts, each and all of which shall constitute, and shall be construed as a single original instrument upon execution, delivery, and exchange of such signed counterparts by and among the Parties hereto.  In addition, the Parties agree that executed copies of this Settlement Agreement may be transmitted via electronic mail or facsimile, and that such signatures have the same force and effect as an original signature.

**IN WITNESS WHEREOF**, the Parties have signed this Confidential Settlement and Release Agreement on the dates and year identified below.

* * *

4841-3049-6370.1.25802.59270

**ALEX FODAY**

_____

Date:_____

**FREDDIE BERRIOS**

_____

Date:_____

**ALBERTO TORRES**

_____

Date:_____

**LARRY FRISBY**

_____

Date:_____

**AIR CHECK, INC.**

By:_____

Printed:_____

Its:_____

Date:_____

**TERESA KAMINSKA**

_____

Date: _____

**MARK RATHKE**

_____

Date:_____

**ROMAN CHMIEL**

_____

Date:_____

4841-3049-6370.1.25802.59270